Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT

for the

District of Colorado

Durango Division

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
**3:49 pm, Nov 30, 2023**
**JEFFREY P. COLWELL, CLERK**

Case No. _____

_(to be filled in by the Clerk's Office)_

Adam Howell

_Plaintiff(s)_
_(Write the full name of each plaintiff who is filing this complaint._
_If the names of all the plaintiffs cannot fit in the space above,_
_please write "see attached" in the space and attach an additional_
_page with the full list of names.)_

-v-

Officer Derrick Gallegos, Sergeant Juan Gallegos, San Juan Basin Public Health Interim Executive Director Brian Devine

_Defendant(s)_
_(Write the full name of each defendant who is being sued. If the_
_names of all the defendants cannot fit in the space above, please_
_write "see attached" in the space and attach an additional page_
_with the full list of names. Do not include addresses here.)_

Jury Trial: _(check one)_    ☒ Yes    ☐ No

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non–Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Adam Howell |
| Address | 1206 Avenida Del Sol, #321 |
| | Durango            Colorado            81301 |
| | *City*                *State*               *Zip Code* |
| County | La Plata |
| Telephone Number | (970)749-3478 |
| E-Mail Address | athowell@gmail.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Derrick Gallegos |
| Job or Title *(if known)* | Officer, Durango Police Department |
| Address | 766 Alpine Forest Drive |
| | Bayfield            CO            81122 |
| | *City*             *State*         *Zip Code* |
| County | La Plata County |
| Telephone Number | (970)764-0470 |
| E-Mail Address *(if known)* | derrick.gallegos@durangogov.org |

☒ Individual capacity    ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Juan Gallegos |
| Job or Title *(if known)* | Sergeant, Durango Police Department |
| Address | 4730 Emerald Street |
| | Farmington            NM            87401 |
| | *City*                *State*         *Zip Code* |
| County | San Juan County |
| Telephone Number | (970)759-9745 |

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

|  |  |
|---|---|
| E-Mail Address *(if known)* | juan.gallegos@durangogov.org |

☒ Individual capacity     ☐ Official capacity

**Defendant No. 3**

| | |
|---|---|
| Name | Brian Devine |
| Job or Title *(if known)* | Interim Executive Director, San Juan Basin Public Health |
| Address | 101 E 6th Ave |

| Durango | Colorado | 81301 |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | La Plata |
| Telephone Number | 970-335-2030 |
| E-Mail Address *(if known)* | bdevine@sjbpublichealth.org |

☒ Individual capacity     ☐ Official capacity

**Defendant No. 4**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Address | |

| | | |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity     ☐ Official capacity

## II.     Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.     Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

See the attached Verified Complaint and Demand for Trial by Jury.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

C.      Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.      Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See the attached Verified Complaint and Demand for Trial by Jury.

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.      Where did the events giving rise to your claim(s) occur?

See the attached Verified Complaint and Demand for Trial by Jury.

B.      What date and approximate time did the events giving rise to your claim(s) occur?

See the attached Verified Complaint and Demand for Trial by Jury.

C.      What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

See the attached Verified Complaint and Demand for Trial by Jury.

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

See the attached Verified Complaint and Demand for Trial by Jury.

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

See the attached Verified Complaint and Demand for Trial by Jury.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          11/30/2023

Signature of Plaintiff          s/Adam Howell
Printed Name of Plaintiff          Adam Howell

### B.    For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Name of Law Firm

Address

<table>
<tr><td></td><td></td><td></td></tr>
<tr><td><em>City</em></td><td><em>State</em></td><td><em>Zip Code</em></td></tr>
</table>

Telephone Number

E-mail Address

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 23-CV-_____

ADAM HOWELL,

     Plaintiff,

v.

OFFICER DERRICK GALLEGOS, individually,
SERGEANT JUAN GALLEGOS, individually,
SAN JUAN BASIN PUBLIC HEALTH INTERIM EXECUTIVE DIRECTOR
BRIAN DEVINE, individually,

     Defendant(s).

---

## VERIFIED COMPLAINT AND DEMAND FOR TRIAL BY JURY

---

PLAINTIFF Adam Howell, acting pro se hereinafter referred to as "Howell" or "Plaintiff," brings this verified complaint and hereby alleges as follows:

### PRELIMINARY STATEMENT

1. Adam Howell is an independent journalist who video records his encounters with public officials who are performing public duties.

2. Plaintiff publishes his video journalism on the internet.

3. Plaintiff publishes his videos for news purposes, to educate others on what to expect from such encounters and as an expression of his First Amendment rights.

4. Plaintiff Howell sees his work as a watchdog for government activity, which furthers debate on matters of public concern.

5. While filling out an open records request form in the public lobby of San Juan Basin Public Health, Plaintiff was approached by Defendant Brian Devine, Defendant Juan Gallegos and Defendant Derrick Gallegos.

6. After Plaintiff was finished filling out and submitting his records request forms, Plaintiff was ordered to leave multiple public lobbies under threat of being issued a trespassing citation.

7. Plaintiff was coerced to leave the public forum because of his video recording activities.

8. Plaintiff brings this action against Defendants in response to their removal of Plaintiff from a public forum at San Juan Basin Public Health.

9. The Plaintiff seeks injunctive relief and monetary damages for the Defendant's actions.

## PARTIES

10. Plaintiff Adam Howell is an adult resident of Durango, Colorado.

11. Defendant Juan Gallegos was employed by the City of Durango as a sergeant peace officer at all times relevant to the allegations in this complaint.

12. Defendant Juan Gallegos is a resident of the state of New Mexico.

13. Defendant Juan Gallegos works in Durango, Colorado.

14. This Court has personal jurisdiction over Juan Gallegos pursuant to Fed. R. Civ. P. 4(k)(1)(a) and the long arm statute of Colo. Rev. Stat. § 13-1-124(b).

15. Defendant Derrick Gallegos was employed by the City of Durango as a police officer at all times relevant to the allegations in this complaint.

16. Defendant Derrick Gallegos is a resident of the state of Colorado.

17. Defendant Brian Devine was employed by San Juan Basin Public Health at all times relevant to the allegations in this complaint.

18. Defendant Brian Devine is a resident of the state of Colorado.

19. The acts and omissions of the Defendants set forth herein were taken by state actors under color of state law.

20. Plaintiff is suing all the Defendants in their individual capacities.

**JURISDICTION AND VENUE**

21. Jurisdiction is proper over Plaintiff's First, Fifth and Fourteenth Amendment claims under 42 U.S.C. § 1983.

22. Jurisdiction is proper under Plaintiff's First Amendment claims under 42 U.S.C. § 1985.

23. This action is authorized pursuant to State Law of Colorado in Colo. Rev. Stat.13-21-131(1).

24. This action arises under the Constitution and laws of the United States. Jurisdiction is conferred on this court pursuant to 28 U.S.C. §1331 and 1343.

25. Jurisdiction is proper over Plaintiff's claims under federal and Colorado State Law pursuant to 28 U.S.C. § 1367(a) because these claims are "so related to claims in the action

within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." See 28 U.S.C. § 1367(a)(1).

26.    This Court has jurisdiction to grant declaratory and injunctive relief pursuant to 28 U.S.C. § 2201-02, by Rule 57 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this court.

27.    Plaintiff's claims for damages are authorized under 42 U.S.C. § 1983 and by the general legal and equitable powers of this court.

28.    Plaintiff's claims for damages are authorized under 42 U.S.C. § 1985(3) and by the general legal and equitable powers of this court.

29.    Venue is proper under 28 U.S.C. § 1391(b)(1) as the Plaintiff and the Defendants reside within the district boundaries of The United States District Court for the District of Colorado.

30.    Venue is proper under 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to Plaintiff's claims occurred on a property in the judicial district boundaries of The United States District Court for the District of Colorado.

## GENERAL FACTUAL ALLEGATIONS

31.    Plaintiff posts his videos on his YouTube channel, where he goes by the moniker "Press For Transparency." His YouTube channel is available here: http://www.youtube.com/@pressfortransparency.

32.    On Friday, August 18, 2023 at or about 10:30 a.m., Plaintiff visited the public lobby of San Juan Basin Public Health at 281 Sawyer Dr #300, Durango, CO 81303.

33. The Plaintiff was video recording everything he could see from the public lobby of San Juan Basin Public Health.

34. Plaintiff later posted a version of this video on his YouTube channel, available here: https://www.youtube.com/watch?v=ky1niRA39Tk.

35. The public lobby of San Juan Basin Public Health where Plaintiff was initially confronted by the Defendants was on the second floor of the building.

36. San Juan Basin Public Health's Board of Health had no written policy, practice or custom that prohibited video recording in its public lobby.

37. The public lobby where Plaintiff was recording from was open and accessible to the general public from 8:00 a.m. to 5:00 p.m..

38. The public building where Plaintiff was recording from was owned by San Juan Basin Public Health, a governmental entity.

39. The areas where Plaintiff was video recording from at all times relevant to this complaint were in a public place of a public building.

40. Plaintiff Howell was gathering matters of public interest to publish as a member of the press.

41. Plaintiff Howell obtained a records request form from Administrative Support Assistant Mindy Joyce at the help desk window.

42. Mindy Joyce provided Plaintiff with a records request form.

43. Plaintiff Howell sat down to begin filling out the form.

44. Defendant Brian Devine approached the Plaintiff.

45.    Defendant Devine told the Plaintiff that Plaintiff was not allowed to record in the lobby after Plaintiff submits his records request form.

46.    Defendant Devine said that staff was redirecting members of the public away from the lobby due to Plaintiff's video recording.

47.    Defendants Juan and Derrick Gallegos arrived in the lobby.

48.    Defendant Juan Gallegos told Plaintiff that he could not be in the lobby without conducting business.

49.    Defendant Derrick Gallegos said that San Juan Basin Public Health lobby was protected by HIPAA.

50.    Plaintiff Howell told all the Defendants that there was no privacy in public.

51.    Plaintiff Howell asked Defendant Derrick Gallegos if he had read the Supreme Court case of *Branzburg v. Hayes*.

52.    Plaintiff Howell asked Defendant Derrick Gallegos where the press was allowed according to *Branzburg v. Hayes*. Gallegos did not answer the question.

53.    Plaintiff verbally articulated to the Defendants that Plaintiff was allowed to record as a member of the press in any area that was accessible to the general public.

54.    Defendant Brian Devine told Defendant Juan Gallegos that he would only allow Plaintiff to video record in the lobby while Plaintiff was filling out and submitting his records request form.

55.    Defendant Juan Gallegos asked Plaintiff to leave the lobby.

56.    Plaintiff Howell requested Juan Gallegos to provide a supervisor who understands public forum doctrine.

57.    Defendant Juan Gallegos failed to bring his supervisor at the request of the Plaintiff.

58.    Plaintiff Howell told Defendants to not interfere with Plaintiff's First Amendment right to record in public as a member of the press.

59.    Defendant Brian Devine said that Plaintiff could fill out the records request form, but Plaintiff would then have to leave after Plaintiff submitted the form because his video recording was interfering with the operations of the building.

60.    Defendant Juan Gallegos told Plaintiff that Plaintiff was not allowed to stay in the public lobby unless Plaintiff turned off his camera.

61.    Defendant Brian Devine said that Plaintiff's filming caused the staff to redirect the clinic patients and was interfering with the operations.

62.    Defendant Juan Gallegos spoke with Defendant Brian Devine about removing Plaintiff from the lobby because of his video-recording activities.

63.    Plaintiff finished one records request, and submitted it.

64.    Plaintiff filled out a second records request, and then submitted it.

65.    One of the records that Plaintiff requested was a copy of the video surveillance footage from the public lobby of San Juan Basin Public Health.

66. San Juan Basin Public Health Executive Assistant Shandi Pritchett told Plaintiff Howell that a contractor provides information technology and surveillance video support to San Juan Basin Public Health.

67. SJBPH received a cost estimate for Plaintiff's requested video from the information technology contractor for providing a copy of the video from the lobby on August 18, 2023 in a HIPAA-protected format for $2,000.00, according to San Juan Basin Public Health Executive Assistant Shandi Pritchett.

68. Defendant Brian Devine asked Plaintiff Howell to leave the public lobby of San Juan Basin Public Health.

69. Defendant Juan Gallegos told Plaintiff that if Plaintiff did not leave the public lobby at San Juan Basin Public Health then Plaintiff would be cited for trespassing.

70. Plaintiff then exited the public lobby into the stairwell under duress.

71. Plaintiff walked downstairs into the lobby on the ground floor.

72. Plaintiff and the public are required to walk through the lobby on the ground floor in order to get to and from the lobby of San Juan Basin Public Health.

73. Defendants Juan and Derrick Gallegos approached the Plaintiff in the ground floor lobby.

74. Plaintiff told Defendants Juan and Derrick Gallegos that the lobby was public.

75. A female employee from Axis Health System's Columbine Behavioral Healthcare center with a name tag that said "Jessica" asked Plaintiff to leave the lobby, saying that it was private.

76.    Defendant Derrick Gallegos said that Plaintiff would be cited for trespassing if Plaintiff did not leave the lobby on the ground floor.

77.    The lobby where Plaintiff was forced to leave under threat of citation was a public building that the public was required to use to access San Juan Basin Public Health.

78.    The lobby next to Columbine Behavioral Health where Defendant Derrick Gallegos coerced Plaintiff Howell to leave was being temporarily used by a public officer or employee in the discharge of their official duties.

79.    The term "public building," as used in Colorado's Public Building Trespass statute includes any premises being temporarily used by a public officer or employee in the discharge of his official duties. Colo. Rev. Stat. § 18-9-110(7) (1971).

80.    Upon belief the he would be cited or arrested by the police for trespassing, Plaintiff walked out of the lobby onto the sidewalk outside the front doors to the building.

81.    Plaintiff suffered from a loss of sleep due to fear, anger, self-censorship and anxiety associated with being coerced to leave the public property.

82.    Plaintiff Howell submitted written complaints against Defendants Juan and Derrick Gallegos to the Durango Police Department and the Federal Bureau of Investigations on August 20, 2023.

83.    Durango Police Department failed to sustain Plaintiff's written complaint against the peace officer Defendants.

84.    Plaintiff Howell emailed a written complaint against Defendant Brian Devine to hr@sjbpublichealth.org at San Juan Basin Public Health on August 27, 2023.

85. Plaintiff was never given a response to his written complaint submitted to San Juan Basin Public Health.

86. Plaintiff will face a credible threat of prosecution if he proceeds with the intended video recording activities without the requested relief.

87. If Plaintiff does not obtain the requested relief, he will not proceed with his intended activities.

88. Plaintiff Howell wishes to further broadcast and publish videos recorded from the publicly-accessible public lobbies of public buildings in Durango, Colorado.

## FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### Deprivation of First Amendment Rights—Free Press Violation

89. Plaintiff re-alleges each paragraph above as though fully stated herein.

90. Plaintiff's right to record public officials and publicly-accessible places is protected by the First Amendment.

91. Plaintiff was exercising his First Amendment right at San Juan Basin Public Health on August 18, 2023.

92. The publicly-accessible lobby of San Juan Basin Public Health was a designated public forum.

93. State actors opened the public lobbies for expressive activities where Defendants coerced the Plaintiff to leave under duress.

94. The Defendants acted in their individual capacities while coercing the Plaintiff to leave the public lobbies.

95.    Plaintiff Howell was a member of the press who was allowed wherever the general public was allowed. See *US Dept. of Justice v. Reporters Committee,* 489 U.S. 749, 109 S. Ct. 1468, 103 L. Ed. 2d 774 (1989); *Branzburg v. Hayes,* 408 U.S. 665, 92 S. Ct. 2646, 33 L. Ed. 2d 626 (1972) at ¶684.

96.    Defendants coerced Plaintiff to leave San Juan Basin Public Health under threat of trespassing citation.

97.    In the absence of reasonable articulable suspicion of a crime, Defendants deprived Plaintiff Howell of his First Amendment rights.

98.    Plaintiff's rights to freedom of speech and freedom of press under the First Amendment was clearly established in August of 2023 when he was in the public lobby.

99.    The Plaintiff's First Amendment right was protected for the people of the State of Colorado by the Equal Protection Clause of the Fourteenth Amendment.

100.    Filming the police and other public officials as they perform their official duties acts as "a watchdog of government activity," *Leathers v. Medlock,* 499 U.S. 439, 447, 111 S.Ct. 1438, 113 L.Ed.2d 494 (1991), and furthers debate on matters of public concern. See *Irizarry v. Yehia,* 38 F.4th 1282 (10th Cir. 2022) ¶1289.

101.    "The First Amendment protects the right to gather information about what public officials do on public property, and specifically, a right to record matters of public interest." See *Smith v. City of Cumming,* 212 F.3d 1332 (11th Cir. 2000) at ¶1333.

102.    The right to record public officials on public property is a clearly established First Amendment right. See *Dunn v. City of Ft. Valley,* 464 F. Supp. 3d 1347 (M.D. Ga. 2020) at ¶1367.

103. "In summary, though not unqualified, a citizen's right to film government officials, including law enforcement officers, in the discharge of their duties in a public space is a basic, vital, and well-established liberty safeguarded by the First Amendment." See *Glik v. Cunniffe*, 655 F.3d 78 (1st Cir. 2011) at ¶85.

104. The threat of trespass from the Defendants was not lawful, nor authorized by the Plaintiff.

105. Circumstances surrounding the threat of citation from Defendants created a well-founded fear of imminent peril or duress for Plaintiff Howell.

106. Defendants had apparent present ability to cause the threatened violation of Plaintiff's First Amendment right to free speech and free press.

107. The acts and omissions of the Defendants resulted in the violation of Plaintiff's First Amendment right to free press guaranteed by the equal protection clause of the Fourteenth Amendment. See U.S. Const. amend. I and XIV.

108. While depriving Plaintiff of his protected rights under the First Amendment, Defendants acted under color of state law.

109. Plaintiff suffered damages to his First Amendment rights as a proximate result of Defendant's acts.

110. The Defendants engaged in viewpoint discrimination by prohibiting the Plaintiff from recording the public lobby of San Juan Basin Public Health while simultaneously allowing an information technology contractor of San Juan Basin Public Health to video record the same public lobby.

111. The Defendant's actions caused Plaintiff to suffer an injury that would chill a person of ordinary firmness from their free speech and free press activities.

112. Defendant's coercive removal of Plaintiff from the public lobbies by threatening Plaintiff with a trespassing citation was motivated or substantially caused by Plaintiff's exercise of his First Amendment activities.

113. As a direct and proximate result of Defendant's deprivation of Plaintiff's First Amendment-protected rights, Plaintiff suffered unnecessary physical discomfort, self-censorship, humiliation, embarrassment, emotional and mental suffering.

114. Plaintiff faces the existence of an imminent likelihood of irreparable harm to his First Amendment rights if an injunction is not issued.

115. Plaintiff lacks the availability of an adequate remedy at law. For example, an award of money damages alone will not restore the plaintiff's loss.

116. The threatened harm to Plaintiff's constitutional right from the threat of prosecution reasonably outweighs any possible harm to the Defendant from Plaintiff's video recording activities.

117. Granting an injunction will not contravene the public interest.

118. For this deprivation of his constitutionally-secured right under the color of law, Plaintiff is entitled to appropriate relief under 42 U.S.C. § 1983 for the damage caused by such deprivation.

**SECOND CLAIM FOR RELIEF**

**42 U.S.C § 1983**

**Deprivation of 5th and 14th Amendment right of Due Process**

119. Plaintiff re-alleges each paragraph above as though fully stated herein.

120. Plaintiff Howell was forced to leave the public lobby of San Juan Basin Public Health by Defendants because of his video recording activities.

121. Defendants claimed that Plaintiff's video recording activities were causing the staff of San Juan Basin Public Health to redirect the general public away from the lobby.

122. Defendants failed to produce the wording or citation to any specific law that prohibits video recording in the public lobby of San Juan Basin Public Health.

123. San Juan Basin Public Health's Board of Health had no written policy, practice or custom that prohibited video recording in its public lobby.

124. The Defendants acted in their individual capacities by coercing the Plaintiff to leave the public lobbies under color of law.

125. Plaintiff claimed that Plaintiff was exercising a First Amendment right to record in public.

126. "The claim and exercise of a constitutional right cannot thus be converted into a crime." See *Miller v. United States*, 230 F.2d 486 (5th Cir. 1956) at ¶490.

127. Defendants Juan Gallegos and Derrick Gallegos forced plaintiff Howell to leave the public lobbies in the public building under threat of a Public Building Trespass citation.

128. Prior to Defendant Juan Gallegos threatening to cite plaintiff for Public Building Trespass, Defendants failed to articulate a crime other than trespassing that Plaintiff had violated.

129. Defendant Juan Gallegos threatened to cite Plaintiff with the following Colorado Public Building Trespass statute prior to Plaintiff leaving under duress:

*"No person shall willfully refuse or fail to leave any such public building upon being requested to do so by the chief administrative officer or his designee charged with maintaining order in such public building, if the person has committed, is committing, threatens to commit, or incites others to commit any act which did, or would if completed, disrupt, impair, interfere with, or obstruct the lawful missions, processes, procedures, or functions being carried on in the public building."* Colo. Rev. Stat. § 18-9-110(3) (1971).

130.    Defendants failed to reasonably articulate to Plaintiff how his video recording activities did disrupt, impair, interfere with, or obstruct the lawful missions, processes, procedures, or functions being carried on in the public building.

131.    Defendants subverted any due process of law prior to forcing Plaintiff to leave the public building under threat of trespassing citation.

132.    Defendants failed to reasonably articulate to Plaintiff how prohibitions against Plaintiff's video recording served any significant government interest.

133.    Defendants violated Plaintiff Howell's Fifth Amendment and Fourteenth Amendments rights of procedural due process.

134.    For this deprivation of his constitutionally-secured right under the color of law, Plaintiff is entitled to appropriate relief under 42 U.S.C. § 1983 for the damage caused by such deprivation.

**THIRD CLAIM FOR RELIEF**
**42 U.S.C § 1985(3)**
**Conspiracy to Interfere with Civil Rights**

135.    Plaintiff re-alleges each paragraph above as though fully stated herein.

136.    Defendants Brian Devine and Juan Gallegos met in the lobby of San Juan Basin Public Health.

137.    Defendant Brian Devine verbally conspired with Defendant Juan Gallegos to deprive Plaintiff Howell of his First Amendment right to record in the lobby as a member of the press.

138.    Defendant Brian Devine unlawfully coerced Plaintiff to leave the public lobby because he was video recording.

139.    At the request of Defendant Brian Devine, Defendant Juan Gallegos coerced Plaintiff Howell to leave the lobby under threat of citation for Public Building Trespass, Colo. Rev. Stat. § 18-9-110(3) (1971).

140.    Defendants had no lawful authority to coerce Plaintiff to leave the public lobby of San Juan Basin Public Health.

141.    The acts of coercion that Plaintiff complains of were in furtherance of the conspiracy.

142.    Each Defendant conspirator acted overtly to coerce Plaintiff to leave a public lobby.

143.    Plaintiff suffered damages to his First Amendment rights as a proximate result of Defendant's acts.

144.    The Defendant's actions caused Plaintiff to suffer an injury that would chill a person of ordinary firmness from their freedom of speech.

145.    For this conspiratorial deprivation of Plaintiff's First Amendment right, Plaintiff is entitled to appropriate relief under 42 U.S.C. § 1985(3).

## FOURTH CLAIM FOR RELIEF
### (State Law Claim)
**C.R.S. 13-21-131 Deprivation of Colorado Constitution, article II, Section 10 Freedom of Speech and Press rights**

146.    As applicable, Plaintiff Howell re-alleges each paragraph above as though fully stated herein.

147.    Defendant Juan Gallegos, under color of law, subjected Plaintiff Howell to the deprivation of individual rights secured by the Bill of Rights, article II of the Colorado state constitution. See Colo. Const. art. II, § 10.

148.    Defendant Derrick Gallegos, under color of law, subjected Plaintiff to the deprivation of individual rights secured by the Bill of Rights, article II of the Colorado state constitution. See Colo. Const. art. II, § 10.

149.    Plaintiff suffered damages to his Section 10 *Freedom of speech and press* rights of article II of the Colorado State Constitution as a proximate result of Defendant's acts.

150.    The Defendant's actions caused Plaintiff to suffer an injury that would chill a person of ordinary firmness from their freedom of speech.

151.    For this deprivation of Plaintiff's Constitutional rights, Plaintiff is entitled to appropriate relief under Colo. Rev. Stat.13-21-131(1).

## FIFTH CLAIM FOR RELIEF
### (State Law Claim)
**C.R.S. 13-21-131 Deprivation of Colorado Constitution, article II, Section 25 Due Process of Law rights**

152. Plaintiff re-alleges each paragraph above as though fully stated herein.

153. Plaintiff Howell was forced to leave the public lobby of San Juan Basin Public Health by Defendants because of his video recording activities.

154. Defendants claimed that Plaintiff's video recording activities violated a law.

155. Defendants failed to produce the wording or citation to any specific law that prohibits video recording in the public lobby.

156. San Juan Basin Public Health's Board of Health had no written policy, practice or custom that prohibited video recording in its public lobby.

157. Plaintiff claimed that Plaintiff was exercising a First Amendment right to record in public.

158. "The claim and exercise of a constitutional right cannot thus be converted into a crime." See *Miller v. United States*, 230 F.2d 486 (5th Cir. 1956) at ¶490.

159. Defendants Juan Gallegos and Derrick Gallegos forced plaintiff Howell to leave the public lobbies in the public building under threat of a Public Building Trespass citation.

160. Prior to Defendant Juan Gallegos threatening to cite plaintiff for Public Building Trespass, Defendants failed to articulate a crime other than trespassing that Plaintiff had violated.

161. Defendant Juan Gallegos threatened to cite Plaintiff with the following Colorado Public Building Trespass statute prior to Plaintiff leaving under duress:

*"No person shall willfully refuse or fail to leave any such public building upon being requested to do so by the chief administrative officer or his designee charged with maintaining order in such public building, if the person has committed, is committing,*

*threatens to commit, or incites others to commit any act which did, or would if completed, disrupt, impair, interfere with, or obstruct the lawful missions, processes, procedures, or functions being carried on in the public building.*" Colo. Rev. Stat. § 18-9-110(3) (1971).

162.    Defendants failed to reasonably articulate to Plaintiff how his video recording activities did disrupt, impair, interfere with, or obstruct the lawful missions, processes, procedures, or functions being carried on in the public building.

163.    Defendants subverted any due process of law prior to forcing Plaintiff to leave the public building under threat of trespassing citation.

164.    Defendants violated Plaintiff Howell's Colo. Const. art. II, § 25 right to due process of law.

165.    For this deprivation of his constitutionally-secured right under the color of law, Plaintiff is entitled to appropriate relief under C.R.S. 13-21-131(1) for the damage caused by such deprivation.

## JURY DEMAND

166.    Plaintiff Howell respectfully requests a jury trial.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Adam Howell moves this Honorable Court to grant Plaintiff the following relief:

A.  An order for a preliminary injunction enjoining Defendants from restricting Plaintiff Howell's right to video record in any publicly-accessible public lobby of any public building in Durango, Colorado.

B. After prevailing at trial, enter an order for a permanent injunction enjoining Defendants from restricting Plaintiff Howell's right to video record in any public places under the Colo. Rev. Stat. § 18-1-901(n) (1971).

C. Award reasonable attorney's fees, expenses, and costs of litigation pursuant to 42 U.S.C. § 1988, Colo. Rev. Stat. 13-21-131(3) and any federal, state, or municipal statute, code, rule or law.

D. Award punitive, compensatory, and other damages to Plaintiff in an amount determined by the enlightened conscience of fair and impartial jurors.

E. Award such other and further relief as the Court may deem reasonable and just under the circumstances.

RESPECTFULLY SUBMITTED this _3 0_ day of _November_, 2023.

s/ Adam Howell

**Adam Howell**
1206 Avenida Del Sol, #321
Durango, CO 81301
athowell@gmail.com
(970)749-3478
*Pro Se*

**VERIFICATION**

STATE OF COLORADO

COUNTY OF LA PLATA

BEFORE ME personally appeared Adam Howell who, being by me first duly sworn and identified in accordance with Colorado law, deposes and says:

1.  My name is Adam Howell, Plaintiff herein.

2.  I have read and understood the attached foregoing complaint, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

s/Adam Howell

_____

Adam Howell, Affiant

SWORN TO and subscribed before me this 30 day of

November 2023.

_____

Notary Public

My commission expires: 10-13-26

LOREN MICHELLE PADILLA
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20224039865
MY COMMISSION EXPIRES 10/13/2026